E-FILED
Friday, 18 March, 2005  11:10:41 AM
Clerk, U.S. District Court, ILCD

IN THE

UNITED STATES DISTRICT COURT

CENTERAL DISTRICT OF ILLINOIS

---

NO: 99-CR-30091-004

---

RICHARD L. HATCHETT,

[Movant]

\*\*\* VERSUS \*\*\*

UNITED STATES OF AMERICA,

[Respondent]

**FILED**

MAR 1 7 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PETITION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY

---

**MAY IT PLEASE THIS HONORABLE COURT:**

Comes now, is **Richard L. Hatchett,** the herein named Movant and Sporadically
referred to as **The Petitioner** comes and submits this Application to this Honor-
able Court seeking the relief he is by the virtue of Law entitled to.

Therefore, the contentions and gist of this application are as follows:

AO 243 (Rev. 2/95)                SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DISTRICT COURT | District | CENTERAL DISTRICT OF ILLONOIS |
|---|---|---|

| Name of Movant RICHARD L. HATCHETT, | Prisoner No. # 12443-026 | Case No. #99-CR-30091-004 |
|---|---|---|

Place of Confinement
Post Box 1000    United States Penitentiary  Leavenworth, Kansas    66048-1000

UNITED STATES OF AMERICA          V.    RICHARD L. HATCHETT,

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack    **United States District**

   **Court for Illinois.    Chicago, Illinois    60604**

2. Date of judgment of conviction    **Plea of Guilty**

3. Length of sentence    **236  Months**

4. Nature of offense involved (all counts)    **(Count-1) Conspiracy to Possess with intent to distribute**

   **and to controlled Substance(Count-2) Possession of a controlled Substance, with intent**

   **to distribute Cocaine Base Crack   (Count-3) Distribution of a Controlled Substance**

   **namely, Cocaine.**

5. What was your plea? (Check one)
   (a) Not guilty            ☐
   (b) Guilty               ■
   (c) Nolo contendere       ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   **Movant gave a plea of guilty to all counts.**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury       **n/a**    ☐
   (b) Judge only           ☐

7. Did you testify at the trial?
   Yes ☐      No ■

8. Did you appeal from the judgment of conviction?
   Yes ☐      No ■

(2)

9. If you did appeal, answer the following:

(a) Name of court _____ **N/A** _____

(b) Result _____ **N/A** _____

(c) Date of result _____ **N/A** _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ■        No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ___ **United States Court of Appeals Seventh Circuit** _____

(2) Nature of proceeding **- Motion to challeng Amendment 509 (Illegal Sentence)** ____

(3) Grounds raised _____ **N/A** _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐        No ■

(5) Result _____ **Denied** _____

(6) Date of result ____ **January  2, 2002** _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___ **United States  Seventh Circuit Court of Appeals** _____

(2) Nature of proceeding **Set Aside or Correct 28 U.S.C. § 2255 by a Prisoner in:** ___ Motion for Leave to file a Second or Successive Motion to Vacate

**Federal custody.** _____

(3) Grounds raised __ **(1) Petitioner was denied Effective Assistance of Counsel, which**

**counsel violated the Petitioner's Constitutional rights and denial of Due Process**

**of Law (2) Actual Innocence of Firearm and drugs of Relevant Conduct.**

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐      No ■

(5) Result ___ **Dismissed without prejudice    See [Exhibit "B"]** ___

(6) Date of result ___ **October 12, 2004** ___

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

   (1) First petition, etc.          Yes ■        No☐
   (2) Second petition, etc.        Yes ☐        No☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

   **The Movant submitted a Application for Rehearing-Rehearing en banc. The**

   **Court denied and / or refused to address the Motion/Petition   See [Exhibit "C"]**

   ___

   ___

   ___

   ___

   ___

   ___

   ___

   ___

   ___

   ___

   ___

   ___

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

   Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

   (b) Conviction obtained by use of coerced confession.

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)  Conviction obtained by a violation of the privilege against self–incrimination.
(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)  Conviction obtained by a violation of the protection against double jeopardy.
(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)  Denial of effective assistance of counsel.
(h)  Denial of right of appeal.

A.    Ground one: ____ **THE PETITIONER–MOVANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL**

**WHICH COUNSEL VIOLATED THE MOVANT'S CONSTITUTIONAL RIGHTS AND DENIED THE MOVANT**

**DUE PROCESS OF LAW .**
Supporting FACTS (state *briefly* without citing cases or law)

**[See Memorandum of Law hereto attached]**

_____

_____

_____

_____

_____

B.    Ground two: ____ **THE MOVANT AVOWS THAT HE IS ACTUALLY INNOCENT OF THE FIREARM AND DRUGS**
**THE GOVERNMENT INTRODUCED AS "[RELEVANT CONDUCT"] FROM A PLEA OF GUILTY TRANSCIPT**
**OF AN ALLEGE CO-CONSPIRATOR'S HEARING.**

Supporting FACTS (state *briefly* without citing cases or law)   _____

**[See Memorandum of Law hereto attached]** _____

_____

_____

_____

_____

C.    Ground three: _____ **n/a** _____

_____

Supporting FACTS (state *briefly* without citing cases or law)   _____
**n/a**
_____

_____

_____

_____

_____

_____

D.    Ground four: _____ **n/a** _____

_____

Supporting FACTS (state *briefly* without citing cases or law)  _____

_____ **n/a** _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____ **n/a** _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐    No ■

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing  _____ **McWard** _____

    **U.S. Public Defender's Office    (Address unknown)**

(b) At arraignment and plea  _____ **(Same as 15.(a))** _____

_____

(c) At trial _____ **n/a** _____

_____

(d) At sentencing _____ **(Same as 15(a))** _____

_____

AO 243 (Rev. 2/95)

(e) On appeal _____ (Same as 15 (a)) _____

_____

(f) In any post—conviction proceeding ____[Pro se]_____

_____

(g) On appeal from any adverse ruling in a post—conviction proceeding ____[Pro se]_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
   Yes ☐     No ■

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes ☐     No ■

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

    (b) Give date and length of the above sentence: _____ n/a _____

_____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐     No ☐   n/a

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12 – 26 – 04
(Date)

*Richard Hatchett*
Signature of Movant

(7)

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
28 U.S.C. § 2255 BY A PRISONER IN FEDERAL CUSTODY

#### May it Please This Honorable Court:

**Comes Now,** is the Petitioner, **Richard L. Hatchett,** whom at this time duly
presents to this Court his Memorandum of Law in Support of his Application for
Leave to file a  **28 U.S.C. § 2255 Motion.**

The gist of the Petitioner's contentions are as so herein follows:

#### STATEMENT OF THE FACTS

On or about November 4, 1999 the Grand Jury returned an Indictment on a
Fourteen (14) count indictment against your Petitioner and two alleged co-
defendant's. On March 30, 2002, the Petitioner on and through the advise of
his Counsel plead guilty to Count - 1, and 2, of the Indictment. On October
13, 2000 the Petitioner's Counsel at his sentencing hearing tendered no ob-
jections to the Presentence Investigation Report concerning the issues of
**"Relevant Conduct."**

However, the Court proceeded on to sentence the Petitioner to a term of
236 months of incarceration on each other which followed by a five and three
years supervised release to run concurrently. A timely appeal was submitted on
October 20, 2000. Counsel thereafter, submitted a **Anders** Brief to the Court
requesting a dismissal from the case, on May 7, 2001.

Hence, on or about January 2, 2002 the said **Anders** Brief was affirmed by
the Seventh Circuit Court of Appeals. See **[Exhibit "A"]** hereto attached. Case
Number # 00-3807. . . It is because of the reasons set forth herein, the
Petitioner hereby submits the herein proceeding.

- 8 -

## COMPREHENSIVE LEGAL FACTS

The Petitioner lateness should not be considered as a method on dismissal or acknowledged as "[P]rocedural default to conbat **"Cause"** and / or **"Prejudice"** because of his Educational status on "[s]pecifically" "Law" . . . The Petitioner a a fundamental educational status as to a [G.E.D.] , but possess [n]o type of knowledge as to "Law" . . . or the mechanism system of preparing [Jailhouse] legal work as a trianed writ-writer, or an attorney has.

The Petitioner must rely on the amount of money his family can raise to go to the payment of obtaining a **"Jailhouse" paralegal** to file to the Court the proceedings need be filed. However, this duly establish the Petitioner's **"[C]ause"** for lateness.

It should be noted that [if] a inmate does not possess the knowledge to perfect his [o]wn litigations, prepare legal Motions; Answer's; Rebuttals; Letters, to the Court's in the United States, [o]r do not have monetary or, pecuniary funds for the services of a inmate Writ-writer, or Inmate Paralegal, that inmates will not have anything submitted to the Courts on his behalf.

Moreover, to prepare this Application does in fact cost the Petitioner **Three-Hundred and Fifty Dollars, ($ 350.00),** money he had to plead with his family members to send. The Petitioner respectfully request the Court to respect the Supreme Courts precedent authority case **Haines v. Kerner,  404 U.S. 519-20 (1972); U.S. v. Evans, 224 F. 3d. 670, 672 (7th Cir. 2002); U.S. v. Campbell, 294 F. 3d. 824, F. 3d. 670 (7th Cir. 2002); Henderson v. U.S.,  264 F. 3d. 709 (7th Cir. 2001).**

Wherefore, the Petitioner endeavors to establish **"[C]ause"** in this matter which will further be demonstrated herein.

---

APPLICABLE LAW

## THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHICH COUNSEL VIOLATED THE PETITIONER'S CONSTITUTIONAL RIGHTS AND DENIED THE PETITIONER DUE PROCESS OF THE LAW

### CLAIM - 1

The Petitioner contends that his counsel rendered to him Ineffective Assist-
ance in that, denied him Due Process of Law. However, Counsel was court appoint-
ed and advised the Petitioner to plead guilty to the charged Indictment because
he will get a life sentence.

However, under counsel's advise the Petitioner accepted the plea. Upon the
sentencing, the Petitioner was sentenced on or about October 13,, 2000. The
Government there at the sentencing, and / or before the Judge sentenced the
Petitioner, the Government produced a a transcript from the case of one of the
Petitioner's co-defendant's. . . whereas, in (that) case, Travis McCoullough,
gave testimony concerning the Petitioner and himself alleged involvement with
drugs and a firearm. Counsel was asked by the Court:

THE COURT:  Let me just ask you; I have exhibit 1, do you have
any objection to that, Mr. McWard ?

MR. MCWARD:  If I could have just a moment, your Honor ? we have
no objection, your Honor. As I would tell the Court,
I just received this today, and I have not had a
chance to review it.

THE COURT:  Well, if you want some time, we will recess.

MR. MCWARD:  Well, no, I see — I happened to turn to page 38.
I see there is a specific passage which relates to
I'm sure what Mr. Bass is connecting my client to
. . .

See [Sentencing Transcript page 8 & 9] . . . Counsel was offered time by
the Judge and had adequate and appropriate rights to move for a continuance,

10

but refused to do so. Counsel failed to request that the transcript be
excluded or make any objections to the testimony, or request a continuance.
See **United States v. Massaro,** 538 U.S. 500 (2003); **Strickland v. Washington,**
466 U.S. 668 (1984), the Judge herein asked Counsel if he needed a recess and/
or time, being that (today) was counsels first day reviewing the transcript,
see **[Sentencing Transcript page 9]** , Counsel said [No]. . . In Counsel's refus-
al to accept the Court's recess, and / or move for a continuance to prepare
**"[D]efense,"** Counsel provided the Petitioner **[Ineffective Assistance]** . . .

Counsel declined the offer of a recess, and failed to request a continuance
which was imperatively [n]ecessary to examine the testimony of **Travis McCullough,**
and / or  prepare defense. . . Hence, in violating the Petitioner's rights,
Counsel deprived the Petitioner of his **Constitutional Rights to the Confrontat-**
**ion Clause, and his Right to his Sixth Amendment** which provides in pertinent
part:

> "In all Criminal Prosecuticution, the accused
> shall enjoy the right. . . to be confrontated with
> the witnesses against him."

Counsel knew or should have know that the **"out of Court"[1]** testimony of
Coconspirator Travis McCullough, in [his case] attributed drugs and a firearm,
that your Petitioner (allegedly) possessed, in addition to what he initially
plead guilty to. **Croxford v. Washington,** _____ U.S. _____, 124 S.ct. 1354,
1374 (2004), where testimonal statements are at issue.   Nor was there any
objections by Counsel of this. . .  See **(page 12 of the Sentencing Transcript).**

The Judge agrees with the Government's quest of the **"Relevant Conduct"** . . .
of the Petitioner. See **[Page 14-thru-15 of the Sentencing Transcript].**

---

1/ A transcript of coconspirator Travis McCullough whom testified at (his-own)
   plea of guilty that the Petitioner Richard Hatchett possessed a gun and drugs
   [See page 10, of Sentencing Transcript].

- 11 -

Const. Amend. VI. This right extends to the Fourteenth Amendment. Pointer
v. Texas, 380 U.S. 400, 403 (1965); Maryland v. Craig, 497 U.S. 836, 846
(1990); Lindh v. Murphy, 124 F. 3d. 899, 900-01 (7th Cir. 1997);anouncing a
most recent Supreme Court case Croxford v. Washington, _____ U.S. _____,
124 S.Ct. 1354, 1374 (2004).

Inferently, "identical" to that of Massaro, Counsel did not raise the
matter on direct appeal, Counsel deliberately requested a Anders brief, see,
Anders v. California, 386 U.S. 738 (1967), informing the Court that an appeal
would be frivolous, and requesting his dismissal from the case. The Petitioner
by way of "[C]ause" does not have any knowledge in litigating, and did not have
the money to pay some inmate to do his litigation and had no choice but to allow
his initial 28 U.S.C. § 2255 to past. . . See [Comprehensive Legal Facts]. . .

However, the Petitioner relying on the Supreme Courts authority in the case
Massaro v. United States, supra, presents now, the several violations of his
Constitutional Rights and the denial and deprivation of his Due Process of Law.
In doing so, the Petitioner has however, established his receipt of the denial
of his rights, via, his court appointed Counsel.

Hence, though Counsel represented the Petitioner upon his plea and through
Counsel's Anders Brief, it is axiomatic and unrealistic to assume or expect
Counsel to argue on or in the Anders Brief that his own performance at Sentenc-
ing was ineffective. Kimmelman v. Morrison, 477 U.S. 365, 378 (1986). Ineffect-
ive assistance claims are often based on assertions that counsel made errors of
omission, errors that are difficult to perceive from the record. However, the
case of your Petitioner is [identical] to that of Massaro. . . Specifically,
in the course of the "time needed to defend the sentencing of the Petitioner."
Glover v. United States, 148 L.Ed. 2d. 604 (2001), the performance of counsel
fell below a reasonable standard both at sentencing when the judge asked counsel
if he needed time, since counsel stated that it was his first time seeing the

– 12 –

. . . . .    transcript of **Travis McCullough**, that [i]mplicate[d] the
Petitioner in "a crime of drugs, and firearm," was the transcript used to
(enhance) the Petitioners' sentence. . . Counsel was in virtual error for
failing to object, and / or accept the judge's offer for [recess] and / or
move for a continuance to defend the Petitioner and the additional sentence
that arose from counsel's errors. . . Counsel thereafter, moved during appeal
for a dismissal from the case, by submitting a **Anders Brief. . .** which brief
is virtually frivolous and violates your Petitioner's constitutional rights,
and deprives the Petitioner of substantive and / or procedural right(s) to
which the law entitles him. **Williams v. Taylor, 529 U.S. 362 (2000).**

But for Counsel's error(s) of his failing to object, and to accept the Court's
invitation of recess, or request a continuance to prepare defense, and / or had
counsel accepted the recess, and / or requested a continuance, and / or present
to the Court the violation of the Petitioner's Confrontation rights, it is a
**[G]reat [P]ossibility** that the judge would not have accepted the transcript as
evidence which aided the prosecutor's wishes to enhance the Petitioner's
sentence. Counsel should have **[A]t the least. . . [TRIED]. . .   Glover v. United
States,   supra,;  Strickland v. Washington,  supra.**

However,the **absent of Ineffective Assistance of Counsel as Sentencing, and
upon Appeal,[via, the Anders Brief ],** th Petitioner would have been several levels
lower than that it proceeded too.  The Sixth Amendment guarantees the right to
effective assistance of counsel in criminal prosecutions. **McMann v. Richardson,
397 U.S. 759, 771 (1970); Hill v. Lockhart 474 U.S. 52, 56 (1985); Cuyler v.
Sullivan, 446 U.S. 335, 344-45 (1980),** though Counsel projected the vast major-
ity of ineffectiveness at the sentencing of the Petitioner-Defendant and through
the Appeal Process where Counsel denied and deprived the Petitioner of his Const-
itutional rights via, the Sixth, and Fourteenth Amendment to the United States
Constitution. **Evitts v. Lucey, 469 U.S. 387, 396-99 (1985),** which the record

- 13 -

is very explicit overwhelmingly demonstrating that counsel violated the
Petitioners Constitutional and Substantial rights. All that was needed at
the sentencing hearing was [accept the judges offer for the recess], and/or
the continuance or and objection from counsel along with an argument as to
the **"out-of-Court" testimony** being used to enhance the Petitioner's sentence.

Moreover, had counsel <u>accepted</u> the Judge's recess, **Massaro v. United States,**
**supra**, and thereafter, request a continuance, counsel would have better prepared
himself for **"defense"** . . . Refusal and / or failure to do so violated your
Petitioner's Constitutional and Substantial Rights.

Thereafter, Counsel filed for a virtual frivolous and erroneous **Anders**
**Brief.** which there existed matters that were essential and had substance to
prefecting an Appeal. **Evitts v. Lucey;    Massaro v. United States;   Strickl-**
**and v. Washington,  supra.** . .

Counsel had a thorough **[O]bligation**  and duty to accept the Judges quest for
a continuance since **(today) was counsel's first acknowledgement of the informati-**
**on  from (another) case was brought to him. . .** Massaro v. United States,  supra,
then failed to request a continuance to prepare a defense for the additional
[c]harges, **Massaro, Strickland,** then prepare a **(frivolous)** <u>Anders Brief</u> which
he <u>should have</u> and could have raised issues of a sentence the Petitioner did in
fact receive for <u>crimes he was not found guilty of, or nor did he plead guilty</u>
<u>too, nor was the offense in the Indictment of the Petitioner.</u> . .   **Hamling v.**
**United States,**   418 U.S. 87, (1974); <u>U. S. v. Brack,</u>  747 F. 3d. 1142 (7th
Cir. 1984).

Wherefore, Counsel is in virtual violation of the Laws and rules set forth
in the Supreme Court precedent case of **Strickland,** and the recent **Massaro v.**
**United States,  supra.**

For such egregious, blatant action and practice of counsel, releief in this
matter is essential and necessary.

— 14 —

THE PETITIONER AVOWS THAT HE IS ACTUALLY INNOCENT OF THE
FIREARM AND DRUGS THE GOVERNMENT INTRODUCED AS
"[RELEVANT CONDUCT]" FROM A PLEAD OF GUILTY
TRANSCRIPT OF AN ALLEGE CO-CONSPIRATOR'S HEARING

## CLAIM - 2

The Petitioner in this final claim respectfully presents to this Honorable Court his claim of **"Actual Innocence,"** and his legal reason(s) as to why he is innocent which is supported by facts and the United States Supreme Court authority and it's progeny's However, in the case herein of the Petitioner, it is more "likely" that no reasonable juror would have convicted him for a **plea of guilty transcript from an alleged Co-conspirator that merely "[o]rally" [w]ithout proof stated "him and the Petitioner(Hatchett) has had in the past associated with and / or handle drugs and a firearm. . . "** Schlup v. Delo, 513 U.S. 298, 327-328, 130 L.Ed. 2d. 2d. 808, 115 S.Ct. 851 (1995). The Petitioner further avers that he is innocent of the offense in mention that he did not plead guilty to the offense(s), nor does there exist an indictment whereas, the Petitioner was indicted for the two offenses in which he did in fact receive a [s]entence[s] of incarceration. . . It is important to note in this regard that **"Actual Innocence"** means **"Factual Innocence,"** not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 346-47 (1992).

It is axiomatic that for a defendant to receive a sentence, for a offense he in **innocent** of is a virtual **"Miscarriage of Justice."** McCleskey v. Zant, 499 U.S. 467, 494-95 (1991); Schlup v. Delo, supra. Miscarriage of Justice standared is higher threshold than prejudice standard. The two offenses were not to be used to enhance the Petitioner's sentence because to do so would be in conflict with Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakey v. Washington, , U.S. , (2004), though the cases are not retroactive via, collateral challenges. However, your Petitioner need only demonstrate that he did not commit the

offense. The record is explicit, the indictment does not contain the two
offense's, or information relevant to the two offense(s). The Petitioner
did not plead guilty to the two offense(s), nor did the Judge or Jury find
his guilty of the two offense(s).

Hence, mere testimony in a [unrelated] plea of guilty of an alleged
co conspirator, **Travis McCullough** whom plead guilty to one or more counts in
the indictment who stated for the "record" in (his plea) that:

> "In getting out of a car a gun dropped. . .
> and some drug involvement. . . "

See **[Sentencing Transcript page 9 & 10].** To convict and / or sentence the
herein Petitioner because of what another defendant testified to in (his) plea,
is virtually a **"miscarriage of Justice." Schlup v. Delo, supra. Bousley v. U.S.**
**140 L. Ed. 2d. 828 (1998),** which is a inherenly miscarriage of justice and
present[s] exceptional circumstances that justify collateral relief under **28 U.S.C.**
**§ 2255, Davis v. United States,** 417 U.S. 333,346-347, 41 L.Ed. 2d. 109, 94 S.Ct.
2298 (1974).

The Supreme Court recognized that the **"Cause and Prejudice"** requirement has
an "actual innocence" exception, sometimes known by other names such as the
**"fundamental miscarriage of Justice" exception. Murray v. Carrier, 477 U.S. 478**
**(1986); Sawyer v. Whitley,** 505 U.S. 333 (1992). There exist evidence that no
reasonable juror would have found the Petitioner eligible for conviction or sent-
ence of testimony of anothers plea of guilty. The presumption of guilt rest herein.
**In re Winship,** 397 U.S. 358 (1970); **Jackson v. Virginia,** 443 U.S. 307 (1979).

As the Supreme Court notes, to satisfy **Carrier,** a habeas Petitioner must
demonstrate that "a constitutional violation has probably resulted in the
conviction of one who is actually innocent. The Petitioner has esteblished
**"actual innocence"** his claim should be heard on collateral review without
establishing **cause** and **actaul prejudice** for and procedural default. See,

– 16 –

U.S. v. Shaid , 937 F. 2d. 228, 232 (5th Cir. 1991)(en banc); United States
v. Frady, 456 U.S. 152, 168 (1982). There exist herein a sufficient showing
of actual innocence in the case of your Petitioner. Withrow v. Williams,
507 U.S. ____, (1993). The Court in Kuhlmann v. Wilson, 477 U.S. 436 (1986)
stated:

> "The 'ends of justice' requires federal courts to
> entertain [successive] petitions only where the
> prisoner supplements his constitutional claim with
> a colorable showing of factual innocence."

Id., at 454, 91 L.Ed. 2d. 364, 106 S.Ct. 2616. That conclusion contains two
complementary propositions. The first is that a habeas court may not reach the
merits of a barred claim unless actual innocence is show; this was the actual
judgment of the opinion (one cannot say the holding, since the opinion was a
mere plurality).

However, the Petitioners claim herein of actual innocence is not meritless,
and is sufficiently persuasive. . . the purest dictum- does not exist, the
records herein, the case is evidence of an "outlandish" "Miscarriage of Justice."
Schlup v. Delo, supra.

This is the first claim of the Petitioner whom did not provide a 28 U.S.C. §
2255 for the reasons set forth herein. McCleskey, supra. . .

Wherefore, the Petitioner is entitled to a Evidentiary and / or Contradictory
Hearing to determine the validity of the Petitioner's claim and to produce the
"Miscarriage of Justice." The Petitioner's herein Application should by all means
of the law be granted.

Signed this _36_ day of __December__ , 2004

s/*Richard Hatchett*
Richard L. Hatchett,   [Pro se]

- 17 -

## CONCLUSION

The Petitioner herein hereby conclude that Counsel of record duly provided him **Ineffective Assistance,** and violated his **Constitutional Rights** in his representation, as if the Petitioner had [NO COUNSEL] . . . .

The Jurisprudence suggest that [any amount of actual jail time has Sixth Amendment significance.] . . . Argersinger v. Hamlin, 407 U.S. 25 (1972) (holding that the "Assistance of Counsel must be provided when a defendant is tried for a crime that results in a sentence of imprisonment), Scott v. Illinois, 440 U.S. 367 (1979).

Moreover, the Petitioner has **demonstrated** overwhelmingly that he is [Actually and Factually Innocent] of the two charge(s) used to enhance his sentence via, "Relevant Conduct" and to allow this sentence to remain, is to contribute to the "Miscarriage of Justice."

Wherefore, the herein petition application should by the grind of justice and the **Equal Protection of the Law of Due Process** and the **Sixth Amendment** of the United States Constitution be GRANTED. . .

Signed this _26_ day of __December__ , 2004

s/*Richard Hatchett*

Richard L. Hatchett,     [Pro se]
Reg # 12443-026
Post Box 1000 United States Penitentiary
Leavenworth, Kansas    66048-1000

- 18 -

## CERTIFICATE OF SERVICE

I hereby certify that the original and one (1) copy of this Petition was mailed to the Clerk of the Court for the Court of Appeals for the Seventh Circuit, and the listed named below Counsel of record this **26** day of : **December** , 2004 by placing same in the U.S. Postal prison mail depository at the below listed address.

s/ Richard Hatchett

**Richard L. Hatchett, [Pro se]**
**Reg # 12443-026**
**Post Box 1000  United States Penitentiary**
**Leavenworth, Kansas   66048-1000**

Copy mailed to

**Frances C. Hulin, U.S. Attorney**
**600 East Monroe Street, Room 312**
**U.S. Courthouse**
**Springfielf, Illinois   62705**

- 19 -

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2001
Decided January 2, 2002

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 00-3807

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>RICHARD L. HATCHETT,<br>*Defendant-Appellant.* | Appeal from the United States<br>District Court for the Central<br>District of Illinois<br><br>No. 3:99-CR-30091-004<br><br>Jeanne E. Scott,<br>*Judge.* |

## ORDER

Richard Hatchett pleaded guilty to conspiracy to possess with intent to distribute cocaine base and cocaine, 21 U.S.C. §§ 846, 841(a)(1), and possession of cocaine base with intent to distribute, *id.* § 841(a)(1), and was sentenced to concurrent 236-month terms of imprisonment. He seeks to appeal, but his counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), believing all grounds for appeal to be frivolous. Hatchett did not respond to his attorney's motion to withdraw, *see* Cir. R. 51(b), although he was given additional time to do so. Thus, because the *Anders* brief is facially adequate, we confine our review to the potential issues it identifies. *See United States v. Tabb*, 125 F.3d 583 (7th Cir. 1997). We conclude that an appeal on those issues would be frivolous and therefore grant counsel's motion to withdraw and dismiss the appeal.

EXHIBIT " A "

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted September 30, 2004
Decided October 12, 2004

Before

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 04-3550

| RICHARD L. HATCHETT, | On Motion for an Order Authorizing |
|---|---|
| *Applicant,* | the District Court to Entertain a |
| | Second or Successive Motion for |
| *v.* | Collateral Review |

UNITED STATES OF AMERICA,
  *Respondent.*

## ORDER

Richard Hatchett has applied for an order pursuant to 28 U.S.C. § 2244(b)(3) authorizing the district court to consider a second or successive motion under 28 U.S.C. § 2255. Mr. Hatchett does not establish that he requires authorization to file his proposed § 2255 motion. Specifically, the application makes no mention of a prior collateral attack and our independent search of the district court docket does not reveal one.

Accordingly, we DISMISS without prejudice Mr. Hatchett's application for leave to commence a successive collateral attack.

**Exhibit " B "**

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

November 9, 2004

By the Court:

RICHARD L. HATCHETT,
*Applicant,*

On Petition for Rehearing

No. 04-3550

*v.*

UNITED STATES OF AMERICA,
*Respondent.*

## O R D E R

Richard Hatchett filed a petition for rehearing of this court's order denying his application for leave to file a successive collateral attack. "The grant or denial of an authorization by the court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). Accordingly, this court is not authorized to consider Hatchett's motion, which shall be filed without further action by the court.

Exhibit " C "