E-FILED
Tuesday, 31 May, 2005 01:58:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RICHARD HATCHETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 04-CV-3275 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**GOVERNMENT'S MOTION FOR SUMMARY DISMISSAL OF
PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**

The United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its motion for summary dismissal of petitioner's motion pursuant to 28 U.S.C. § 2255. The government states the following:

**PROCEDURAL HISTORY**

1. On March 10, 2000, the petitioner was charged in a superseding indictment with conspiracy to possess with the intent to distribute and to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 846, 841(a)(1) and two counts of distribution of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).[1]

2. On March 30, 2000, the petitioner pleaded guilty to the conspiracy charge and one count of distribution of cocaine base (crack).

---

[1] The procedural history is taken from this Court's docket sheet in the petitioner's criminal case, No. 99-30091, and from the petitioner's case on direct appeal. United States v. Hatchett, No. 00-3807 (7th Cir. January 2, 2002) (unpublished order)

3.  On October 13, 2000, this Court sentenced the petitioner to concurrent terms of 236 months imprisonment on both counts of the superseding indictment. The petitioner thereafter filed a direct appeal.

4.  On January 2, 2002, the United States Court of Appeals for the Seventh Circuit entered judgment, in which it granted the motion of the petitioner's counsel to withdraw and dismissed the petitioner's direct appeal as frivolous. <u>United States v. Hatchett</u>, No. 00-3807 (7th Cir. January 2, 2002) (unpublished order). In its order, the court noted that the petitioner failed to respond to his attorney's motion, despite being given an opportunity to do so. The court of appeals issued its mandate on January 24, 2002.

5.  The petitioner did not seek review in the Supreme Court of the United States. The time for seeking such review expired on April 2, 2002.

6.  On December 20, 2004, more than two years following the expiration of time to seek review by the Supreme Court, the petitioner filed the instant motion under § 2255, which was unsigned and undated. After the petitioner failed to comply with this Court's order to file a signed petition by January 14, 2005, this Court dismissed the motion on January 24, 2005. A month later, on February 24, 2005, the petitioner filed a motion to reconsider the dismissal of his original motion. On February 28, 2005, this Court granted the petitioner's motion for reconsideration, reinstated his § 2255 motion, and directed that a signed motion be filed by March 20, 2005.

7.  On March 17, 2005, the petitioner filed a properly signed § 2255 motion.

## ARGUMENT

8. The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255, provides for a one-year limitation period for pursuing relief under 28 U.S.C. § 2255. The period for filing such a motion begins to run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶6.

9. For federal criminal defendants who do not file a petition for certiorari with the Supreme Court, the one-year period of limitation begins to run upon expiration of the time for seeking such review, which is within 90 days of the entry of judgment by the court of appeals. Clay v. United States, 537 U.S. 522, 532 (2003); S.Ct. R. 13.

10. In addition to the specific exceptions set forth in 28 U.S.C. § 2255 ¶6, "[e]quitable tolling [of the limitation period] is a remedy reserved for [e]xtraordinary

3

circumstances far beyond the litigant's control that prevented timely filing." Nolan v. United States, 358 F.3d 480, 484 (7th Cir. 2004). In fact, "[e]quitable tolling of the statute of limitations is such exceptional relief that [the Seventh Circuit has] yet to identify a circumstance that justifies equitable tolling in the collateral relief context." Id.; see also Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003).

11. In his motion, the petitioner alleges that his trial counsel was ineffective in failing to adequately challenge relevant conduct used to calculate his sentence. He further alleges as a separate claim that he is actually innocent of the relevant conduct. The petitioner, however, filed his motion on December 20, 2004, more than two years following the expiration of time to seek direct review by the Supreme Court, which was April 2, 2002. Indeed, such motion was not properly filed until March 17, 2005, nearly three years after the time to seek Supreme Court review. Moreover, the petitioner has failed to establish any of the exceptions to the limitations period or any exceptional circumstances to support equitable tolling. The motion is therefore untimely and should be summarily dismissed. Nolan, 358 F.3d at 485 (affirming district court's dismissal of § 2255 motion as untimely); Godowski v. United States, 304 F.3d 761, 762 (7th Cir. 2002) (same).[2]

---

[2] To the extent that the petitioner seeks to rely on United States v. Booker, 125 S. Ct. 738 (2005), and Crawford v. Washington, 541 U.S. 36 (2004), the holdings of such cases are not retroactive to cases on collateral review. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Bintz v. Bertrand, 403 F.3d 859, 867 (7th Cir. 2005).

WHEREFORE, the United States of America respectfully requests that its motion for summary dismissal of the petitioner's motion be granted.

                                  Respectfully submitted,

                                  JAN PAUL MILLER
                                  UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass
         Timothy A. Bass, Mo. Bar No. 45344
         Assistant United States Attorney
         201 S. Vine St., Suite 226
         Urbana, IL 61802
         Phone:  217/373-5875
         Fax: 217/373-5891
         tim.bass@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of May, 2005, I electronically filed the Government's Motion For Summary Dismissal of Petitioner's Motion Pursuant To 28 U.S.C. § 2255 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Richard Hatchett
> #12443-026
> United States Penitentiary
> P.O. Box 1000
> Leavenworth, KS 66048-1000

> s/Timothy A. Bass
> TIMOTHY A. BASS, Mo. Bar No. 45344
> Assistant United States Attorney
> 201 S. Vine Street, Suite 226
> Urbana, Illinois 61802
> Phone: 217/373-5875
> Fax: 217/373-5891
> tim.bass@usdoj.gov