E-FILED
Wednesday, 08 June, 2005   12:00:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD HATCHETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-3275 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Richard Hatchett's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 5). For the reasons set forth below, the Petition is denied.

On March 10, 2000, Hatchett was charged in a superseding indictment with conspiracy to possess with the intent to distribute and to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 846, 841(a)(1), and two counts of distribution of crack, in violation of 21 U.S.C. § 841(a)(1). On March 30, 2000, Hatchett pleaded guilty to the conspiracy charge and one of the distribution charges. October 13, 2000, this Court

1

sentenced Hatchett to concurrent terms of 236 months imprisonment on each count to which he pleaded guilty. On January 2, 2002, the United States Court of Appeals for the Seventh Circuit dismissed Hatchett's direct appeal. United States v. Hatchett, No. 00-3807 (7th Cir., January 2, 2002) (unpublished order). Hatchett did not seek review by the United States Supreme Court. The time for seeking such review expired on April 2, 2002. Clay v. United States, 537 U.S. 522, 532 (2003); S. Ct. R. 13. Hatchett filed this Petition on December 20, 2004.

Hatchett raises two grounds for relief: (1) ineffective assistance of counsel, and (2) actual innocence of the Sentencing Guideline sentence enhancement for possession of a firearm. The Government moves to dismiss on the grounds that the Petition is barred by the one-year statute of limitations in § 2255. The Court agrees with the Government.

A § 2255 petition must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255 ¶ 6. Hatchett knew the facts on which he relies to support the claims in his Petition no later than the date that the Seventh Circuit dismissed his appeal. He cites no impediment by the Government that hindered him from filing earlier. He also does not rely on any right that has been newly recognized and made retroactively applicable to cases on collateral review. The applicable date to begin measuring the one year statute, therefore, is the date that his conviction became final. His conviction became final on April 2, 2002, when his time to seek Supreme Court review expired. Hatchett did not file his Petition until December 20, 2004, more that one year after that date. The Petition is therefore barred by the statute of limitations.

    THEREFORE, Hatchett's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 5) is DENIED. All pending motions are denied as moot. This case is closed.

3

IT IS THEREFORE SO ORDERED.

ENTER: June 7, 2005.

FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE